```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                     WESTERN DIVISION
```

_____

```
                                 ╫
MICHAEL D. GREGORY,              ╫
                                 ╫
          Plaintiff,             ╫
                                 ╫
vs.                              ╫      No. 07-2423-JDB/sta
                                 ╫
M. STEWART, et al.,              ╫
                                 ╫
          Defendants.            ╫
                                 ╫
```

_____

```
   ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS
              ORDER ASSESSING FILING FEE
      ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
              ORDER OF PARTIAL DISMISSAL
                          AND
   NOTICE TO ISSUE AND EFFECT SERVICE ON REMAINING DEFENDANTS
```

_____

Plaintiff Michael D. Gregory, booking number 071134862, who is presently incarcerated at the Shelby County Criminal Justice Center ("Jail")[1], filed this complaint under 42 U.S.C. § 1983.  The Clerk of Court shall record the Defendants as M. Stewart, K. Doherty, and England.

I.   ASSESSMENT OF FILING FEE

Under the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(b), any prisoner bringing a civil action must pay the full filing fee of $350 required by 28 U.S.C. § 1914(a).  The in forma pauperis statute, 28 U.S.C. § 1915(a) merely provides the

_____

[1]   The word prison is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, Plaintiff has properly completed and submitted both an in forma pauperis affidavit and a prison trust fund account statement with the required information.

Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that Plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at Plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the Plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in Plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to Plaintiff's account, the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that, after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to

Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $350.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order, and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify Plaintiff's name and the case number on the first page of this order.

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined, he shall provide the officials at the new prison with a copy of this order.

If Plaintiff fails to abide by these or any other requirements of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at Plaintiff's prison.

II.  MOTION FOR APPOINTMENT OF COUNSEL

A district court is vested with broad discretion in determining whether to appoint counsel for an indigent civil litigant.  See Lavado v. Keohane, 992 F.2d 601, 604-05 (6th Cir. 1993).  Notably, however, appointment of counsel in a civil case is not a constitutional right, and courts generally do not appoint counsel in a civil case absent a showing of "exceptional circumstances."  Id. at 605-06.

In determining whether an appointment is warranted, courts evaluate the type of case, the complexity of the factual and legal issues involved, and the ability of the litigant to represent himself.  See id. at 606; Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)("The key [to determining whether exceptional circumstances exist] is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court.  Where the facts and issues are simple, he or she usually will not need such help.")  Appointment of counsel in a civil case is not appropriate when a litigant's claims are frivolous, or when the chances of success are extremely slim.  See Lavado, 992 F.2d at 604-05; Maclin v. Freake, 650 F.2d 885, 887 (7th Cir. 1981)("[B]efore the court is justified in exercising its discretion in favor of appointment, it must first appear that the claim has some merit in fact and law.").  As a general rule, counsel should be appointed in civil cases only if a litigant has made "a

4

threshold showing of some likelihood of merit." <u>Cooper v. A.</u>
<u>Sargenti Co.</u>, 877 F.2d 170, 174 (2d Cir. 1989).[2]

The Defendants have not yet been served; therefore, no
responsive pleadings have been filed.  At this stage of the
proceedings, before the Court has had the opportunity to assess the
strength of Plaintiff's case, the Court is unable to conclude that
Plaintiff has made the requisite showing.  The Court concludes that
an appointment of counsel is not warranted and the motion for
appointment of counsel is DENIED.

III. <u>ANALYSIS OF PLAINTIFF'S CLAIMS</u>

Plaintiff Gregory sues Memphis Police Officers M. Stewart, K.
Doherty, and England alleging that the Officers used excessive
force in arresting him on April 21, 2007, by breaking his finger,
beating his head with a nightstick, slamming his head into a shed,
knocking him to the ground, and kicking him repeatedly.

IV. <u>ORDER TO ISSUE AND EFFECT SERVICE</u>

It is ORDERED that the Clerk shall issue process for
Defendant Police Officers M. Stewart, K. Doherty, and England and
deliver said process to the marshal for service.  Service shall be
made on all individual defendants either by mail pursuant to Rule
4(e)(1) and Tenn. R. Civ. P. 4.03 and 4.04(10) or personally

---

[2]    The Second Circuit elaborated: "Courts do not perform a useful
service if they appoint a volunteer lawyer to a case which a private lawyer would
not take if it were brought to his or her attention. Nor do courts perform a
socially justified function when they request the services of a volunteer lawyer
for a meritless case that no lawyer would take were the plaintiff not indigent."
<u>Id.</u>

pursuant to Rule 4(e)(2) if mail service is not effective.  All costs of service shall be advanced by the United States.

It is further ORDERED that Plaintiff shall serve a copy of every further document filed in this cause on the attorney for each Defendant, or on the Defendant if he or she has no attorney.  The Plaintiff shall make a certificate of service on every document filed.  The Plaintiff shall promptly notify the Clerk of any change of address or whereabouts.  Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

IT IS SO ORDERED this 12th day of July, 2007.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

6